1 | DAN SIEGEL, SBN 56400
2 | EMILYROSE JOHNS, SBN 294319
3 | SIEGEL & YEE
  | 499 14th Street, Suite 300
4 | Oakland, California 94612
  | Telephone: (510) 839-1200
5 | Facsimile: (510) 444-6698
  | Email: danmsiegel@gmail.com,
6 |          emilyrose@siegelyee.com

7 | Attorneys for Plaintiffs
8 | KIARA BEACHAM, JUSTICE ROBINSON,
  | and JAINICE ROBINSON

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| KIARA BEACHAM, JUSTICE ROBINSON, and JAINICE ROBINSON,    ) | Case No. |
| ) | |
| Plaintiffs,    ) | **VERIFIED COMPLAINT FOR DAMAGES** |
| ) | |
| vs.    ) | **(Civil Rights)** |
| ) | |
| SOLANO COMMUNITY COLLEGE DISTRICT; JOWEL LAGUERRE, Former President and Superintendant of Solano Community College; STAN ARTERBERRY, Interim President and Superintendant of Solano Community College,    ) | **Demand for Jury Trial** |
| ) | |
| Defendants.    ) | |

KIARA BEACHAM, JUSTICE ROBINSON, and JAINICE ROBINSON complain

against defendants SOLANO COMMUNITY COLLEGE DISTRICT, JOWEL

LAGUERRE, and STAN ARTERBERRY as follows:

---

*Beacham v. Solano Community College District,* No.
Verified Complaint - 1

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1331 (claims arising under the U.S. Constitution) and § 1343(a) (3) (claims brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the U.S. Constitution).

2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(1) because defendants are located in the Eastern District of California and § 1391(b)(2) because all of the acts and/or omissions complained of herein have occurred or will occur within the Eastern District of California.

## PARTIES

3.      At all times relevant hereto until the time of their unjust expulsion, plaintiffs KIARA BEACHAM, JUSTICE ROBINSON, and JAINICE ROBINSON were students at Solano Community College in Fairfield, California.

4.      At all times relevant hereto, defendant SOLANO COMMUNITY COLLEGE DISTRICT was the governing board of Solano Community College, an accredited two-year, public junior college located in Fairfield, California, which received federal funding and offered students federal financial aid.

5.      At all times relevant hereto until June 26, 2015, defendant JOWEL LAGUERRE was President and Superintendent of Solano Community College. Mr. LAGUERRE resigned from his position in June 2015.

6.      At all times relevant hereto beginning June 26, 2015, defendant STAN ARTERBERRY served as interim President and Superintendent of Solano Community College.

///

///

## STATEMENT OF FACTS

7.     On January 12, 2015, plaintiffs KIARA BEACHAM, JUSTICE ROBINSON, and JAINICE ROBINSON, all black women, ages 19, 19, and 18, respectively, were participating in basketball practice at Solano Community College.

8.     As of January 12, 2015, plaintiffs were students in good standing at the College.

9.     Around 5 p.m. on January 12, 2015, three women who did not attend Solano Community College, Kamaria Strange, Michel'le Bluford, and Ayana Williams, arrived at the school and confronted JAINICE ROBINSON.

10.     The confrontation apparently stemmed from accusations that JAINICE ROBINSON had been speaking ill of Dalana Bluford, Kamaria Strange's girlfriend at the time.

11.     During the confrontation, Kamaria Strange struck both JAINICE ROBINSON and JUSTICE ROBINSON before others could come to their support.

12.     Solano Community College basketball coach Matthew Borchert ultimately intervened, and the three non-students left the campus.

13.     Campus police was called to the scene of the altercation and documented the incident in a police report.

14.     KIARA BEACHAM, JUSTICE ROBINSON, and JAINICE ROBINSON all cooperated with the police investigation.

15.     The plaintiffs then left campus and went to KIARA BEACHAM's home, where they were joined by basketball teammates Ajanee Rankins, a black woman, and Kellie Williams, a white woman.

16.     Ajanee Rankins began sending text messages to Kamaria Strange, and the pair agreed that the women would meet at Allan Witt Park, located at 1741 W Texas Street, Fairfield, California, to resolve the conflict.

17.     Plaintiffs along with Ajanee Rankins and Kellie Williams arrived at the

park after dark.

18.     Kamaria Strange, Michel'le Bluford, and Dalana Bluford also arrived at the park at or around the same time.

19.     An altercation ensued and ended when Kamaria Strange, Michel'le Bluford, and Dalana Bluford left the park.

20.     On January 13, 2015, KIARA BEACHAM, JUSTICE ROBINSON, and JAINICE ROBINSON went to school as usual.

21.     Family members of Dalana Bluford came to campus the next day looking for KIARA BEACHAM, JUSTICE ROBINSON, and JAINICE ROBINSON. They harassed various basketball players during their time on campus, bringing attention to the alleged altercation from the evening before.

22.     Matthew Borchert again intervened, and campus police were called to conduct another investigation.

23.     Following the incident described above, Athletic Director Erik Visser, Matthew Borchert, and others met and determined that the plaintiffs, as well as Ajanee Rankins and Kellie Williams, would be indefinitely suspended from the basketball team based on allegations of their involvement in the altercation.

24.     Matthew Borchert announced the decision in front of the entire basketball team during its pre-game meeting that evening.

25.     The plaintiffs left campus and went home.

26.     That evening, KIARA BEACHAM, JUSTICE ROBINSON, and JAINICE ROBINSON were called to the police station to make a statement about the altercation.

27.     All three women were arrested. They posted bail the same evening.

28.     On January 14, 2015, defendants SOLANO COMMUNITY COLLEGE DISTRICT and JOWEL LAGUERRE unjustly expelled plaintiffs KIARA BEACHAM, JUSTICE ROBINSON, and JAINICE ROBINSON.

29.     Citing the January 12, 2015, alleged altercation involving plaintiffs and

other Solano Community College students and non-students, defendants SOLANO COMMUNITY COLLEGE DISTRICT and JOWEL LAGUERRE expelled plaintiffs, all black women, and a fourth student, also a black woman, while imposing no such punishment on a similarly-situated white student.

30.     On January 14, 2015, JAINICE ROBINSON received a letter from SOLANO COMMUNITY COLLEGE DISTRICT informing her of her expulsion.

31.     KIARA BEACHAM and JUSTICE ROBINSON received no such letter.

32.     By January 16, 2015, plaintiffs all heard that they had been expelled through television news coverage, some featuring statements on the expulsion by defendant JOWEL LAGUERRE and Matthew Borchert.

33.     On information and belief, Solano Community College delivered or attempted to deliver a similar expulsion letter to Ajanee Rankins.

34.     On information and belief, Solano Community College did not deliver or attempt to deliver a similar expulsion letter to Kellie Williams, the only white participant in the altercation.

35.     On information and belief, Kellie Williams was not expelled, suffered no adverse academic effects resulting from her participation in the altercation and remains a student at Solano Community College and a member of the basketball team.

36.     Defendant SOLANO COMMUNITY COLLEGE DISTRICT, with the guidance and direction of defendant JOWEL LAGUERRE, punished only the black students and not the white student alleged to be equally involved in the altercation and therefore violated the plaintiffs' statutory and constitutional rights to be free from race discrimination.

37.     Following the initial shock of the entire incident, KIARA BEACHAM, JAINICE ROBINSON, and JUSTICE ROBINSON consulted counsel about their expulsions.

38.     On May 29, 2015, July 16, 2015, and August 28, 2015, plaintiffs' counsel

wrote to SOLANO COMMUNITY COLLEGE DISTRICT requesting a review of plaintiffs' expulsion. Upon information and belief, defendant JOWEL LAGUERRE, defendant STAN ARTERBERRY, and other unknown officials, acting under color of state law, denied a review of plaintiffs' expulsions and denied a hearing to challenge their expulsions in response to each letter.

39.     Defendants SOLANO COMMUNITY COLLEGE DISTRICT, JOWEL LAGUERRE, and STAN ARTERBERRY denied plaintiffs sufficient notice and a hearing to challenge their expulsions.

40.     Defendants SOLANO COMMUNITY COLLEGE DISTRICT and JOWEL LAGUERRE's insufficient notice of expulsion and defendants SOLANO COMMUNITY COLLEGE DISTRICT's, JOWEL LAGUERRE's and STAN ARTERBERRY's denial of hearings on the expulsions of KIARA BEACHAM, JAINICE ROBINSON, and JUSTICE ROBINSON denied them a property right without due process in violation of their constitutional rights.

41.     KIARA BEACHAM, JAINICE ROBINSON, and JUSTICE ROBINSON were not permitted to continue their educations. Further, their expulsions prevent them from attending other public colleges. The expulsions also resulted in plaintiffs losing a semester of basketball eligibility.

42.     SOLANO COMMUNITY COLLEGE DISTRICT employees Erik Visser and Matthew Borchert have withheld tapes and other promotional materials of the plaintiffs' basketball performance, preventing them from seeking basketball scholarships to other institutions.

43.     KIARA BEACHAM, JAINICE ROBINSON, and JUSTICE ROBINSON have suffered permanent injury as a result of defendants' actions. In addition to the emotional distress of being singled out based on their race, they have been excluded from education and athletic opportunities for almost a year.

44.     KIARA BEACHAM, JAINICE ROBINSON, and JUSTICE ROBINSON

1   seek the opportunity to continue their educations and athletic endeavors, and seek

2   compensation for their injuries.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED ON RACE
## IN VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964
(By all plaintiffs against defendant SOLANO COMMUNITY COLLEGE DISTRICT)
(42 U.S.C. § 2000d)

45.     Plaintiffs incorporate by reference paragraphs 1 through 44 above as though fully set forth.

46.     By virtue of the foregoing, defendant SOLANO COMMUNITY COLLEGE DISTRICT engaged in intentional discrimination based on the race of plaintiffs by expelling them from school while permitting the similarly-situated white student to remain in school.

## SECOND CLAIM FOR RELIEF
## DISPARATE TREATMENT BASED ON RACE
## IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE
## FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
(By all plaintiffs against defendant JOWEL LAGUERRE in his individual capacity)
(42 U.S.C. § 1983)

47.     Plaintiffs incorporate by reference paragraphs 1 through 46 above as though fully set forth.

48.     By virtue of the foregoing, defendant JOWEL LAGUERRE, acting under color of state law, engaged in intentional discrimination based on the race of plaintiffs by expelling them from school while permitting the similarly-situated white student to remain in school.

///

///

///

///

### THIRD CLAIM FOR RELIEF
### DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS
### IN VIOLATION OF THE FOURTHEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
(By all plaintiffs against defendants JOWEL LAGUERRE and STAN ARTERBERRY in their individual capacities)
(42 U.S.C. § 1983)

49.     Plaintiffs incorporate by reference paragraphs 1 through 48 above as though fully set forth in this section.

50.     By virtue of the foregoing, defendants JOWEL LAGUERRE and STAN ARTERBERRY, acting under color of state law, deprived plaintiffs of their vested property right to education, without the process due to them under the Fourteenth Amendment to the United States Constitution.

### DAMAGES

51.     As a result of the actions of defendants, plaintiffs have been injured and have suffered damages as follows:

(a)     Plaintiffs have lost the value and costs associated with the interruption of their education and will suffer additional losses in the future;

(b)     Plaintiffs suffered emotional distress, embarrassment, and humiliation; and

(c)     Plaintiffs' reputations in the community have been damaged.

WHEREFORE, plaintiffs request that this Court grant them relief as follows:

(1)  Compensatory damages for financial loss, damage to reputation, humiliation, mental anguish, and emotional distress;

(2) Punitive damages against the individual defendants;

(3) Attorneys' fees;

(4)  Costs of the suit;

---

*Beacham v. Solano Community College District,* No.
Verified Complaint - 8

(5) Injunctive relief; and

(6)  Such other relief as the Court may deem proper.

DEMAND FOR TRIAL BY JURY

52.     Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the

Federal Rules of Civil Procedure.


Dated: November 30, 2015

SIEGEL & YEE

By:

Dan Siegel

Attorneys for Plaintiffs
KIARA BEACHAM, JUSTICE
ROBINSON, and JAINICE ROBINSON

///
///
///
///
///
///
///
///
///
///
///
///
///
///

*Beacham v. Solano Community College District*, No.
Verified Complaint - 9

1

**VERIFICATION**

2

3   I, Justice Robinson, declare as follows:

4        I am the plaintiff to this action. I have read the foregoing Verified Complaint for

5   Damages and know its contents. The matters stated in the Verified Complaint for

6   Damages are true, except where those matters are stated on the basis of information and

7   belief, and as to such matters, I believe it to be true.

8        I declare under penalty of perjury under the laws of the State of California that

9   the foregoing is true and correct and that this declaration was executed on November

10  _30_, 2015, at Oakland, California.

11

12

13                              JUSTICE ROBINSON

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Beacham v. Solano Community College District*, No.
Verified Complaint - 10